# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF SEAN L. BROHAWN, BAR NO. 7618.

No. 77967

FILED

MAR 21 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## ORDER APPROVING CONDITIONAL GUILTY PLEA AGREEMENT

This is an automatic review of a Northern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, a conditional guilty plea agreement in exchange for a stated form of discipline for attorney Sean L. Brohawn. Under the agreement, Brohawn admitted to violating RPC 1.3 (diligence), RPC 1.4 (communication), RPC 3.2 (expediting litigation), RPC 8.1 (bar admission and discipline matters), and RPC 8.4 (misconduct). He agreed to an 18-month suspension to run concurrent with the 18-month suspension imposed in *In re Discipline of Brohawn*, Docket No. 73964 (Order Approving Conditional Guilty Plea, Feb. 23, 2018).

Brohawn has admitted to the facts and violations alleged in the complaint. The record therefore establishes that a client paid Brohawn to file a lawsuit against the State of Nevada and the Board of Cosmetology. The State filed a motion to dismiss the lawsuit. Brohawn did not tell the client about the motion and took no action to oppose it. The motion was granted, and Brohawn failed to tell the client that her lawsuit had been

19-12524

dismissed. When the client found out about the dismissal, Brohawn said it was due to a glitch and he would take care of it. He took no action, and the State moved for attorney fees. Brohawn did not tell the client about the motion for attorney fees and did not oppose it. The State was awarded attorney's fees. And when the State Bar contacted Brohawn regarding another matter, he failed to participate in the grievance process.

As Brohawn admitted to the violations as part of the plea agreement, the issue for this court is whether the agreed-upon discipline sufficiently protects the public, the courts, and the legal profession. *State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (explaining purpose of attorney discipline). In determining the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008).

Brohawn admitted that he knowingly violated duties to his client (diligence, communication, and expediting litigation), and to the legal profession (bar admissions and disciplinary matters). He further admitted that his client was harmed because his failure to timely file documents in her lawsuit resulted in the matter being decided against her; moreover, she was required to pay attorney fees. The legal profession was harmed when Brohawn failed to participate in the grievance process regarding the other matter. Based on the most serious instance of misconduct at issue, Standards for Imposing Lawyer Sanctions, *Compendium of Professional*

*Responsibility Rules and Standards* 452 (Am. Bar Ass'n 2017) ("The ultimate sanction imposed should at least be consistent with the sanction for the most serious instance of misconduct among a number of violations."), the baseline sanction before considering aggravating and mitigating circumstances is suspension. *See id.* Standard 4.42 (providing that suspension is appropriate if a lawyer "knowingly fails to perform services for a client and causes injury or potential injury to a client"); 6.22 (providing that suspension is appropriate when the lawyer knows that he is violating a court order or rule and causes injury to a client). The record supports the panel's findings of three aggravating circumstances (multiple offenses, pattern of misconduct, and substantial experience in the practice of law) and one mitigating circumstance (mental disability). Considering all four factors, we conclude that the agreed-upon 18-month suspension to run concurrent with the suspension in Docket No. 73964 is appropriate.

Accordingly, we hereby suspend attorney Sean L. Brohawn from the practice of law in Nevada for a period of 18 months, to run concurrent with the suspension imposed in *In re Discipline of Brohawn,* Docket No. 73964 (Order Approving Conditional Guilty Plea, Feb. 23, 2018). Brohawn shall pay restitution to his former client in the amount of $2,000 within 60 days of the date of this order. In addition, Brohawn shall remedy the monetary consequence of his failure to respond, on his client's behalf, to the State of Nevada's motion for attorney fees, whether by having the judgment set aside and paying for the attorney fees and costs associated with such setting aside of the judgment, or otherwise extinguishing the requirement that the client pay $2,671.34 to the State of Nevada if it cannot be set aside. Further, Brohawn shall pay the actual costs of the disciplinary

SUPREME COURT
OF
NEVADA

(O) 1947A

proceeding, including $2,500 under SCR 120 within 60 days of the date of this order. The State Bar shall comply with SCR 121.1.

It is so ORDERED.

_____, C.J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Cadish

_____, J.
Silver

cc:   Chair, Northern Nevada Disciplinary Board
Law Office of Jerry M. Snyder
Daniel M. Hooge, Bar Counsel, State Bar of Nevada
Kimberly K. Farmer, Executive Director, State Bar of Nevada
Perry Thompson, Admissions Office, U.S. Supreme Court